## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **ALLIE THOMAS CHESTER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. CIV-26-505-G** |
| | ) | |
| **JIM DYKES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### REPORT AND RECOMMENDATION

Plaintiff filed this civil rights action on March 16, 2026, alleging violations of his constitutional rights. Doc. 1.[1] United States District Judge Charles Goodwin referred the matter to the undersigned for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Doc. 6.

The undersigned recommends the Court deny Plaintiff's in forma pauperis (IFP) motion, Doc. 2, and dismiss the complaint without prejudice unless Plaintiff pays the filing fee within twenty-one (21) days of the Court's order adopting this Report and Recommendation.

### I.    Discussion.

On March 19, 2026, the Court ordered Plaintiff to cure the deficiencies in his IFP motion by submitting it on the proper form with the required

---

[1]    Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

financial information and signature of the authorized officer of the penal institution in which he is confined, and to attach a certified copy of his trust fund account statements with his motion as required under 28 U.S.C. § 1915(a)(2). Doc. 7. The Court gave Plaintiff until April 9, 2026, to comply and warned him that a failure to comply could result in the dismissal of his case. *Id.* at 1-2. The Clerk of Court sent the order and appropriate forms to Plaintiff at the address he provided to the Court. *See id.* (court notes). "Papers sent by the court will be deemed delivered if sent to the last known address given to the court." LCvR5.4. As of this date, Plaintiff has not responded to the Court's order.

Plaintiff has not provided this Court with the requisite information to establish his indigent status, so the Court should deny his motion to proceed IFP, Doc. 2. *See, e.g.*, *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1313 (10th Cir. 2005) (holding district court did not abuse its discretion in denying IFP status to plaintiff who "failed to fill out the proper forms or to otherwise provide the district court with the requisite information"). The Court should also dismiss this action without prejudice if Plaintiff does not pay the $405.00 filing fee in full to the Clerk of the Court within 21 days of any order adopting this Report and Recommendation. *See* LCvR3.3(e) ("In the event the [IFP] application is denied, the filing party shall have 21 days, unless a different time is specified by the court, within which to pay the required filing fees.").

Plaintiff appears pro se, but he must follow the same rules as any other litigant. *See Davis v. Kan. Dep't of Corrs.*, 507 F.3d 1246, 1247 n.1 (10th Cir. 2007) (holding a pro se litigant "to the same rules of procedure as other litigants"). The undersigned finds that Plaintiff's failure to comply with the Court's order, together with the Court's inherent power to manage judicial resources, warrants dismissal of this action without prejudice. S*ee Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 n.2 (10th Cir. 2007) (noting Rule 41(b) permits courts "to dismiss actions sua sponte for a plaintiff's failure to . . . comply with the rules of civil procedures or court's orders"); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (discussing the inherent power of a court to dismiss suits for lack of prosecution).

## II.    Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court deny Plaintiff's IFP motion, Doc. 2, and dismiss this action without prejudice if he does not pay the full filing fee within 21 days of the Court's adoption of this Report and Recommendation.

The undersigned advises Plaintiff of his right to file an objection to this Report and Recommendation with the Clerk of this Court by May 15, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The undersigned further advises Plaintiff that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both

factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

    **ENTERED** this 24th day of April, 2026.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE